Finding no error in the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

On Appellant's Motion for Rehearing.

BEAUCHAMP, Judge.

The original opinion discusses all of the issues involved in the appeal. We have re-examined the record and are of the opinion that the correct conclusion was reached.

In his motion for rehearing it is presented, with much insistence, that there is not a scintilla of evidence to support a conviction. Apparently appellant overlooks the theory upon which the conviction was had. The car was stolen, a search was instituted for it, and in about forty-five minutes it was found in the possession of appellant and his cousin. Apparently the latter was driving the car. The officers gave chase and both parties abandoned the car and fled. Appellant was arrested at work some hours later. His companion's testimony raised an issue of fact in the case which was submitted to the jury and by them decided contrary to his contention. This need not be again discussed. Appellant made no explanation of his possession of recently stolen property and as the evidence stands it is undisputed that his cousin suggested the taking of the car; appellant joined in that, went with him; and for about forty-five minutes had been out in the car with the cousin. In the absence of an acceptable explanation of his possession of recently stolen property, the jury was thoroughly justified in returning the verdict which they did.

The motion for rehearing is overruled.

**HELMS v. STATE.**

**No. 24002.**

Court of Criminal Appeals of Texas.

April 7, 1948.

No attorney for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

GRAVES, Judge.

The conviction is for murder. The penalty assessed is confinement in the state penitentiary for a term of fifteen years.

The indictment and all other matters of procedure appear regular. The record is before this court without a statement of facts or bills of exception. Consequently no question is presented for review.

The judgment of the trial court is affirmed.

Albert W. Searcy, of Junction, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The offense is forgery. The punishment assessed is confinement in the state penitentiary for a term of two years.

It appears from the record that appellant's motion for a new trial was heard and overruled on the 13th day of August, 1947, at which time he gave notice of appeal to this Court. Under Art. 760, C.C.P., he had 90 days in which to file a statement of facts. However, the statement of facts was not filed in the court below until the 21st day of November, 1947, which was more than 90 days after he gave notice of appeal. Therefore, the same cannot be considered by this Court. See Robinson v. State, 116 Tex.Cr.R. 652, 31 S.W.2d 445. In the absence of a statement of facts, we cannot determine the insufficiency of the evidence, nor can we properly appraise his requested special charges or bills of exception.

Appellant complains of the action of the trial court in overruling his motion to quash the second count in the indictment. The copy of the indictment as the same appears in the record is sufficient to charge him with knowingly passing a forged instrument. However, the court submitted the case to the jury on the first count alone

**GILL v. STATE.**

No. 23956.

Court of Criminal Appeals of Texas.

March 10, 1948.

Rehearing Denied April 21, 1948.

